IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALEXA LOWE D/B/A ALEXA LOWE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:20-cv-00054 |
| v. | ) ) ) | By: Elizabeth K. Dillon |
| JTF LEASING, LLC, et al., | ) ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case involves injuries to a show horse in an automobile accident, the injuries leading to the horse being euthanized. Defendants Steve Bluman and Equo, LLC move to dismiss the claims against them: (1) constructive fraud against Equo; (2) negligent hiring against Equo; and (3) breach of contract against Bluman. (Dkt. No. 28.)

The court held a hearing on this motion on April 28, 2021. (Dkt. No. 61.) At the hearing, the court denied the motion as to the constructive fraud claim, granted the motion as to the breach of contract claim, and took under advisement the motion to dismiss the negligent hiring claim. For the reasons stated below, the court will dismiss the negligent hiring claim. The court will also grant plaintiff 21 days in which to file a motion for leave to amend her complaint.

**I. Negligent Hiring**

Plaintiff alleges that Equo had a duty and obligation to ensure that the horse transportation providers for whom it procured contracts were adequately insured to protect against the possibility of reasonably foreseeable loss. According to plaintiff, Equo failed to exercise due diligence, caution, and reasonable care when it recommended DMS.

A claim for negligent hiring in Virginia is stated as follows:

> Liability for negligent hiring is based upon an employer's failure to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment situation in which, due to the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others . . . . Mere proof of the failure to investigate a potential employee's background is not sufficient to establish an employer's liability for negligent hiring.

*Interim Pers. of Cent. Va., Inc. v. Messer*, 559 S.E.2d 704, 707 (Va. 2002). The tort is "a doctrine of primary liability; the employer is principally liable for placing an unfit individual in an employment situation that involves unreasonable risk of harm to others." *Id.*

Equo argues that this claim should be dismissed because there is no employer/employee relationship between Equo and defendant DMS Equine Transport, the company hired to transport plaintiff's horses. *See Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268, 278 (Va. 1988) (stating that the Supreme Court of Virginia has never expressly imposed liability based on negligent hiring of an independent contractor, but the principle is set forth in Restatement of Torts (Second) § 411)). Pursuant to this Restatement section, liability is limited to physical harm to third persons. Because this action involves physical harm to personal property, plaintiff's show horse, and not physical harm to a person, plaintiff cannot state a negligent hiring claim under Virginia law.[1]

At the hearing, plaintiff cited *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344 (Va. 1998), in support of her argument that there can be a negligent hiring claim in this situation. Following the hearing, counsel submitted an additional case for the court to consider. *See Blake Constr. Co. v. Alley*, 353 S.E.2d 724 (Va. 1987). In *McDevitt*, the Supreme

---

[1] The parties noted some question about whether Virginia law or Florida law governs this dispute. Both parties agreed, however, that Virginia law applies to plaintiff's tort claims.

Court of Virginia affirmed the dismissal of a constructive fraud claim because the allegations of constructive fraud were "nothing more than allegations of negligent performance of contractual duties and are, therefore, not actionable in tort."  507 S.E.2d at 347.  In *Blake*, the court held that a general contractor could not recover from an architect or engineer for economic loss in the absence of privity of contract.  353 S.E.2d at 725.  Neither case involved the tort of negligent hiring.  Neither case supports the argument that Virginia would recognize the negligent hiring tort when there is no allegation of physical harm to a person.

## II.  Conclusion

For these reasons, the court will grant the motion to dismiss with respect to the negligent hiring claim against Equo.  The court will enter an appropriate order.

Entered: April 28, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge