IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ALEXA LOWE D/B/A            )
ALEXA LOWE, LLC,            )
                           )
        Plaintiff,         )        Civil Action No. 5:20-cv-00054
                           )
v.                         )
                           )        By: Elizabeth K. Dillon
JTF LEASING, LLC, et al.,  )            United States District Judge
                           )
        Defendants.        )

**MEMORANDUM OPINION**

Plaintiff Alexa Lowe, d/b/a Alexa Lowe, LLC seeks default judgments in the amount of

$750,000 from defendants JTF Leasing, LLC (JFT) and DMS Equine Transport, LLC (DMS)

(collectively Defaulting Defendants) because they failed to answer the third amended complaint.

(Dkt. Nos. 86, 87.)   Indeed, the Defaulting Defendants failed to answer all previous versions of

the complaint and never appeared in the case.  Because there is no claim stated against JTF and

plaintiff fails to prove the amount of damages, or to whom the damages are to be awarded, the

court will deny the motions without prejudice.

I.  BACKGROUND

According to the third amended complaint, Alexa Lowe LLC was the owner of Elton, a

valuable show horse that had to be euthanized following injuries caused by an accident wherein a

vehicle driven by defendant Etheridge rear-ended the horse trailer during the transport of Elton

from a horse show in Kentucky back to Windsor Farm in Virginia.  Lowe, on behalf of Alexa

Lowe, LLC and Windsor Farm, LLC and on the advice of defendant Bluman, a broker with

defendant Equo LLC, hired DMS to transport horses to and from a horse show in Lexington,

Kentucky.  The trailer used by DMS, and sometimes called the DMS trailer, was leased to DMS by JTF.  (Third Am. Compl., Dkt. No. 14.)

Plaintiff's initial complaint alleged various state law claims and listed JTF, DMS, Equo LLC, and Steve Bluman as defendants.  (Pl.'s Compl., Dkt. No. 1.)  The second amended complaint added Etheridge as a party.  (Dkt. No. 11.)  Plaintiff's third amended complaint alleges the following claims:

- Count I – Negligence (against Etheridge)
- Count II – Bailment (against DMS)
- Count III – Constructive Fraud (against Equo)
- Count IV – Intentional Underinsurance (against DMS)
- Count V – Constructive Fraud (against DMS)
- Count VI – Negligent Hiring (against Equo)
- Count VII – Breach of Contract (against Bluman)

(Dkt. No. 14.)  It demands damages of $750,000 against all defendants, jointly and severally, suffered by Alexa Lowe on behalf of Alexa Lowe LLC and Windsor Farm LLC for the loss of Elton.  (*Id.*)

Following motions, claims remained against Equo and Etheridge, and, of course, the Defaulting Defendants filed no responses.

On April 14, 2021, pursuant to Federal Rule of Civil Procedure 55(a), plaintiff filed motions for entry of default judgment with attached affidavits against DMS and JTF.  (Dkt. Nos. 54–55.)  The clerk entered default as to DMS and JTF the next day on April 15.  (Dkt. No. 56.)

On June 30, 2022, a stipulation of dismissal, captioned "Final Order" and signed by counsel for the remaining parties who had appeared, was filed indicating that plaintiff's claims against Equo and Etheridge were settled and dismissed with prejudice.  The stipulation indicated that plaintiff's claims against DMS and JTF would continue.

On July 7, 2022, pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff filed motions for default judgment requesting $750,000 in compensatory damages as to DMS and JTF.  (Dkt. Nos. 86–87.)

## II.  DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  Federal Rule of Civil Procedure 55(b) states as follows:

> "(1) If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the *clerk*—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.  (2) In all other cases, the party must apply to the *court* for a default judgment. … The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to: … (B) determine the amount of damages."

Fed. R. Civ. P. 55(b)(1)–(2) (emphasis added).  In revieing a motion for default judgment, a plaintiff's factual allegations are accepted as true for all purposes excluding the determination of damages.  *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.,* Civil Action No. 6:09CV00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").  However, a defaulting defendant only "admits the plaintiff's well-pleaded allegations of fact." *Ryan*, 253 F.3d at 780.  Moreover, the court is required to satisfy itself that allegations state a cause of action.  *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians,* 155 F.3d

3

500, 506 (4th Cir.1998); *see also Committee for Ground Zero Museum Workshop v. Wilson*, Civil Action No. DKC 09-3288*, 2013 WL 210621, at *1 (D. Md. Jan. 17, 2013).

As noted above, there are several issues with plaintiff's motions. First, plaintiff's third amended complaint fails to allege any cognizable claims against JTF. The only allegation is that JTF leased a trailer to DMS. That, in and of itself, is not a basis for liability. Thus, there is no basis for a default judgment against JTF, and the entry of default against JTF will be vacated.

Second, there is nothing in the third amended complaint, motions for default judgment, or otherwise to support plaintiff's calculation of $750,000 in claimed damages. Given this lack of evidence, the requested figure is not a "sum certain" and, at this point, it is not "a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1). In the default judgment context, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

For example, in *Pentech Financial Services, Inc.*, the court entered default judgment against the defendant because the plaintiff had provided sufficient evidence of its entitlement to the claimed damages in its complaint. *Pentech,* 2009 WL 1872535, at *2. In that case, the plaintiff included an affidavit of its chief operating officers, which affirmed the allegations in the complaint were true and that the amount claimed in damages was based on its business books and records. *Id.* Attached to the affidavit were copies of the defendant's payment history and amounts still owed. *Id.* The court found that because the plaintiff had provided sufficient evidence of its entitlement to the claimed damages, an evidentiary hearing was unnecessary and default judgment was entered against the defendant. *Id.* Contrastingly, in this case, the attached

affidavit was only signed by plaintiff's counsel and provided no evidence of plaintiff's calculation of or entitlement to damages, except for the claimed amount itself.

Third, plaintiff's motions make no mention of plaintiff's settlement with Equo and Etheridge and the potential need for a set-off under Virginia law.  *See* Va. Code § 8.01-35.1.

Fourth and finally, according to the allegations in the third amended complaint, Alexa Lowe LLC is the sole owner of Elton.  Limited liability companies in Virginia are legal entities. It is not clear how or in what manner Alexa Lowe LLC can recover for the loss of Elton on behalf of Lowe individually or on behalf of Windsor Farm LLC as requested in the third amended complaint.  *See* Third Am. Compl. at 13.

### III.  CONCLUSION

For these reasons, the court will enter an appropriate order denying plaintiff's motions for default judgment without prejudice.  The court will also direct the clerk of court to vacate the entry of judgment against JTF.

Entered: August 8, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge